1  CHRISTOPHER D. SULLIVAN [148083]
   ANAND PATEL [251983]
2  McGRANE GREENFIELD LLP
   One Ferry Building, Suite 220
3  San Francisco, CA 94111
   Telephone:  (415) 283-1776
4  Facsimile:  (415) 283-1777
   Email:      wmcgrane@mcgranegreenfield.com
5
   Attorneys for Plaintiff William McGrane
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12  WILLIAM McGRANE,                    Case No. CV 08 3783

13           Plaintiff,                 COMPLAINT FOR RECOVERY OF
                                        EMPLOYEE BENEFITS
14       vs.
                                        **DEMAND FOR JURY TRIAL**
15  PRINCIPAL LIFE INSURANCE COMPANY;
    PRINCIPAL LIFE INSURANCE COMPANY
16  GROUP MEDICAL PREFERRED PROVIDER
    ORGANIZATION (PPO) INSURANCE,
17  GROUP POLICY NO. GME P28521,

18           Defendants.

19

20

21

22

23

24

25

26

Comes now Plaintiff, William McGrane, and alleges as follows:

## PARTIES

1. Plaintiff William McGrane is an individual residing in the City of San Francisco in the State of California.

2. Defendant Principal Life Insurance Company ("Principal") was and is a business entity authorized to transact business in the State of California, including the marketing, sale and issuance of group medical insurance policies.

3. Defendant Principal Life Insurance Company Group Medical Preferred Provider Organization (PPO) Insurance, Group Policy No. GME P28521 ("Insurance Plan") was and is a group insurance policy. Defendant Principal was and remains the plan administrator and plan fiduciary of the Insurance Plan.

4. Principal is also the source of funding for the Insurance Plan.

5. At all relevant times, Plaintiff was insured under the Insurance Plan, ID # 948527471, which Insurance Plan obligated Principal to pay medical benefits to Plaintiff under the terms and conditions of the Insurance Plan contract providing for the group insurance policy.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this court under 29 U.S.C. §1132(e)(1).

7. Venue is proper in this district in that, *inter alia*, the contract providing for the group policy was breached in this district and the defendants may be found in this district.

## GENERAL ALLEGATIONS

8. On Monday, May 5, 2008, Plaintiff traveled from San Francisco to New York to attend a business meeting.

9. During the day on Tuesday, May 6, 2008, Plaintiff found himself suddenly unable to see anything out of his left eye and requiring immediate

1  medical care. A lawyer colleague in Manhattan then recommended that Plaintiff
2  make an appointment for early the next morning, Wednesday, May 7, 2008, with
3  one Dr. Peter Odell, M.D.
4      10.    Dr. Odell diagnosed Plaintiff with a substantially detached retina and
5  recommended immediate surgery at New York Presbyterian Hospital, which
6  surgery was carried out later that day on an emergency basis by a team of surgeons
7  led by one Dr. Donald D'Amico, to whom Dr. Odell referred Plaintiff.
8      11.    New York Presbyterian Hospital is a Preferred Provider within the
9  relevant PHCS Network applicable to the Insurance Plan.
10     12.    Given the urgency of the overall situation, wherein Plaintiff was told
11 serious loss of vision and even blindness in the affected eye was already a serious
12 risk that would likely get worse absent immediate treatment, Plaintiff was in no
13 position to make any coverage-related inquiries of anyone and could not
14 reasonably act other than by asking Dr. D'Amico to immediately operate rather
15 than take the risk of any inaction.
16     13.    Plaintiff was then seen by Dr. D'Amico the next day, Thursday, May
17 8, 2008, and advised not to travel until the results of the emergency surgery were
18 clear and a gas bubble injected into the affected eye was resolved.
19     14.    Plaintiff was then seen the following Tuesday, May 13, 2008, and
20 told that the emergency surgery might not have been entirely effective.
21     15.    Plaintiff was then asked to return on Thursday, May 15, 2008, at
22 which time a second surgery was done by Dr. D'Amico on Plaintiff, this time as
23 an out-patient procedure, again on an emergency basis, all in order to prevent any
24 further retinal detachment from occurring.
25     16.    Plaintiff was then seen by Dr. D'Amico the following Friday, May
26 16, 2008, and once again advised not to travel until the results of the second

Complaint for Recovery of Employee Benefits

1  emergency surgery were clear and a second gas bubble injected into the affected
2  eye was resolved.

3      17.    Plaintiff was then seen by Dr. D'Amico's associate physician, Dr.
4  Sophia Pachydaki, M.D., the following Wednesday, May 21, 2008, and was then
5  cleared for travel later that day from New York back to California.

6      18.    Plaintiff is presently receiving follow-up care from one Dr. Richard
7  McDonald of West Coast Retinal Group.

8      19.    The Insurance Plan obligated Principal to medical benefits for
9  treatment due to a medical emergency on the part of its insureds, including
10 Plaintiff.

11     20.    The Insurance Plan further obligated Principal to pay Plaintiff
12 benefits for treatment received due to a medical emergency as if the treatment had
13 been provided by a Preferred Provider under the Insurance Plan.

14     21.    Dr. D'Amico billed Principal a total of $18,000 for the two
15 emergency surgeries which he performed on Plaintiff.

16     22.    Of the $18,000, Principal paid Dr. D'Amico only $1,784.79, leaving
17 a balance presently due him of $16,215.21.

18     23.    Plaintiff paid Dr. D'Amico the $16,215.21 on an immediate basis,
19 reserving all his legal rights against Principal.

20     24.    Despite repeated demands by Plaintiff and an appeal of Principal's
21 denial of benefits, Principal refused, and continues to refuse, to pay the remaining
22 amounts owed as benefits for the treatment provided by Dr. D'Amico under the
23 Insurance Plan.
24 ///
25 ///
26 ///

Complaint for Recovery of Employee Benefits

## First Cause of Action

## Recovery of Employee Benefits

## (Against Principal and Insurance Plan; 29 U.S.C. §1132(a)(1)(B))

25.    Plaintiff incorporates ¶¶1-24.

26.    At all relevant times, Plaintiff had complied with all material provisions of the Insurance Plan.

27.    Plaintiff timely and properly filed a claim for medical benefits with Principal. Principal failed and refused to honor the terms and conditions of the Insurance Plan, and instead wrongfully and unlawfully refused to pay the benefits owed under the Insurance Plan. Plaintiff appealed Principal's improper refusal to pay benefits and his appeal was denied. Plaintiff has exhausted his administrative remedies.

28.    Defendants' refusal to pay the benefits violates the terms of the Insurance Plan and Defendants' actions in administering the Insurance Plan were arbitrary and capricious. Defendants are liable for all amounts due as benefits under the Insurance Plan and all interest on amounts paid by Plaintiff and not reimbursed by Defendants.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  WHEREFORE, Plaintiff prays for judgment as follows:
2  1.  For damages according for proof;
3  2.  For recovery of benefits due to Plaintiff under the terms of the
4      Insurance Plan;
5  3.  For attorney's fees and costs;
6  4.  For prejudgment interest;
7  5.  For costs of suit; and
8  6.  For such other and further relief as the Court may find appropriate.
9  **JURY TRIAL IS HEREBY DEMANDED.**

10  Dated: August 7, 2008             McGRANE GREENFIELD LLP

                                      By _____
                                        Christopher D. Sullivan
                                      Attorneys for Plaintiff William McGrane